UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:04CV-P134-H

MICHAEL LITSEY                                                                          PETITIONER

V.

LARRY CHANDLER, WARDEN                                                   RESPONDENT

**MEMORANDUM OPINION AND ORDER**

Petitioner, Michael Litsey, has filed a petition for writ of habeas corpus.  Petitioner's

complaint arises from the revocation of his probation imposed after driving under the influence

of alcohol charge.  Respondent has asked that the petition be dismissed.  The Court agrees with

Respondent that the writ should not be granted.

I.

Petitioner was indicated by a Jefferson Circuit Court Grand Jury on charges arising from

an auto accident occurring under the influence of alcohol.  While driving under the influence of

alcohol, speeding, and without illuminating his headlamps, Litsey struck another vehicle,

causing serious physical injury to the driver.

Initially, Litsey entered a plea of not guilty to all charges.  The Commonwealth offered a

plea agreement based upon ten (10) years of imprisonment on the assault charge and 120 days on

the DUI.  Furthermore, the Commonwealth agreed to dismiss the charges for speeding, reckless

driving and operating the car without illuminated headlights.

On March 5, 1998, Litsey entered a guilty plea and the circuit court sentenced him in

accordance with the Commonwealth's plea offer.  The trial court then sentenced Litsey to ten

(10) years of imprisonment on the assault charge and 120 days on the DUI (second offense) to be

served concurrently for a total sentence of ten years.

On September 4, 1998, the trial court granted Litsey's motion for shock probation.  A

few days later, the court amended that order requiring "That Defendant refrain from the

possession, sale or use of alcohol under any circumstance."  It further stated "That Defendant

shall not operate a motor vehicle until such time as the Department of Transportation restores his

operator's license and this court approves the Defendant driving an automobile."  Litsey was

placed on probation for five (5) years.

Almost one year later, Litsey's probation and parole officer, Wylie E. Wilson,

administratively filed a Special Supervision Report, stating:

> Mr. Litsey has violated the conditions of his probation by
> possession of alcohol.  On July 21, 1999 I conducted a home visit
> at Mr. Litsey's home, 6202 Derrick Drive.  In plain view was
> several bottles of alcohol.  A search of the home was conducted.
> Items found in the trash can: one empty shot size bottle of Early
> Times Kentucky straight Bourbon Whiskey.  In other parts of
> home:  one empty (1) liter bottle of Maker's Mark, one 75 ml
> bottle of Concord Wine, one half pint bottle 3/4 full of Southern
> Comfort, twelve shot size various bottles of whiskey, bourbon and
> rum, forth three collectable bottles of various brands of whiskey
> and two cans of Harley Davidson twelve one ounce beer.

Several weeks later, Officer Wylie filed a second Special Supervision Report, stating:

> On August 5, 1999 Mr. Litsey reported to the Probation Office.
> He was in possession of his Kentucky Drivers License and a
> vehicle key.  Mr. Litsey said his vehicle was parked in Systems
> Parking Lot.  I asked him if he drove to the Probation Office.  He
> said "an employee drove me to report."  He said he will call the
> employee to pick him up.  Mr. Litsey could not explain how the
> employee got from his vehicle to work.

2

> Mr. Litsey's Drivers License and vehicle key were confiscated.
> Mr. Litsey's employee came to the Probation Office to get the key
> to Mr. Litsey's vehicle.

On October 8, 1999, the Jefferson Circuit Court conducted a probation revocation hearing.

Thereafter, the court later entered an order revoking probation.  The court denied Litsey's second

motion for shock probation.

Litsey appealed to the Kentucky Court of Appeals and that court affirmed the Jefferson

Circuit Court order revoking probation.  The Court of Appeals also denied Litsey's petition for

rehearing.  The Kentucky Supreme Court denied Litsey's motion for discretionary review.  On

March 4, 2004, Litsey filed the present petition for writ of habeas corpus.

II.

Litsey argues in his petition that the court (1) did not prove, by a preponderance of the

evidence, that he had violated the terms or conditions of his probation; (2) applied the wrong

legal standard; and (3) did not make adequate findings of fact.  Therefore Petitioner concludes

that he is entitled to be released from custody and presumably placed back on probation for five

years.

The United States Supreme Court has established the federal due process requirements

for revoking probation and for revoking a defendant's parole.  *See Gagnon v. Scarpelli*, 411 U.S.

778 (1973); *Morrissey v. Brewer*, 408 U.S. 471 (1972).  The *Gagnon* court recognized that the

due process rights articulated in *Morrissey* also apply when revoking probation.  The *Gagnon*

court enumerated the minimal due process rights as follows:

> (a) written notice of the claimed violations of (probation or)
> parole; (b) disclosure to the (probationer or) parolee of evidence
> against him; (c) opportunity to be heard in person and to present
> witnesses and documentary evidence; (d) the right to confront and

3

> cross-examine adverse witnesses (unless the hearing officer
> specifically finds good cause for not allowing confrontation); (e) a
> 'neutral and detached' hearing body such as a traditional parole
> board, members of which need not be judicial officers or lawyears
> [sic]; and (f) a written statement by the factfinders [sic] as to the
> evidence relied on and reasons for revoking (probation or) parole.

Litsey received all of these due process protections at a hearing before the circuit court.
He presented ten witnesses, testified during the proceeding and cross-examined the
Commonwealth's witnesses.  The court made findings and reached conclusions at the hearing in
Litsey's presence.  The court found that Litsey had violated the terms of his probation.  One
violation in particular was impossible to rebut, namely, possession of alcohol–including beer.
According to the court, Litsey could not credibly explain away the numerous bottles, partially
filled with alcohol, found in his trash can.  The court simply did not believe Litsey's evidence.
Ultimately, the court entered an order revoking Litsey's probation.

The Court concludes that Litsey received the due process required and the court's
decision met all evidentiary and procedural standards.  None of the procedures followed suggest
a constitutional defect.  Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Litsey's petition for writ of habeas corpus is
DISMISSED WITH PREJUDICE.

This is a final order.

cc:     Counsel of Record